KS/JC

RECEIVED

2025 NOV 26 P 2: 18

U.S. COURT OF APPEALS
FOURTH CIRCUIT

IN THE UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 25-6935

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

PIERRE RASHAD PRESTON,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Virginia, Danville Division
(4:21-cr-00015-EKD-1)

INFORMAL OPENING BRIEF OF APPELLANT
PIERRE RASHAD PRESTON (PRO SE)

INTRODUCTION

This appeal arises from a profound constitutional failure. The district court denied compassionate release on a materially incomplete and misleading record—one the United States created by withholding essential medical evidence proving:

1. A documented Acute Kidney Injury (AKI);

2. Pyelonephritis;

3. Sepsis;

4. A medical record stating "no recent NSAID use prior to arrival"; and

5. Specialist findings that Appellant's renal deterioration was caused by repeated, medically contraindicated Toradol injections administered by federal medical staff.

The United States possessed these records.

It did not disclose them.

The district court never reviewed them.

Under Napue v. Illinois, 360 U.S. 264 (1959); United States v. Shaffer Equipment Co., 11 F.3d 450 (4th Cir. 1993); and Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847 (1988), no judgment may stand where government omissions create a false factual impression or where the appearance of justice is compromised.

Appellant remains in the custody of the same medical abusers whose contraindicated care caused his renal injury. He continues to experience flank pain, groin pressure, radiating genital pain, and symptoms consistent with renal obstruction—an ongoing Eighth Amendment danger under Estelle, Farmer, and Helling.

Remand with instructions—not reconsideration—is required to prevent further constitutional injury.

## ISSUES PRESENTED

1. Whether the district court's orders are voidable where the Government omitted essential medical evidence, creating a misleading record in violation of Napue and the duty of candor?

2. Whether denial of compassionate release constituted clear error and manifest injustice where pre-AKI records conclusively established that medically contraindicated Toradol caused Appellant's renal deterioration?

3. Whether the district court misapplied § 3553(a) by allowing sentencing factors to override active Eighth

Amendment danger and constitutionally compelled relief?

4. Whether continued exposure to the same medical providers who caused Appellant's renal injury constitutes irreparable harm requiring immediate release?

5. Whether remand with instructions to grant release, rather than reconsideration, is required to prevent ongoing constitutional injury and protect the integrity of the judicial process?

6. Whether the district court's decision is invalid where BOP misrepresented compliance with federal pre-anesthesia requirements, conducted no lawful evaluation under 42 C.F.R. § 482.52, and the court relied on these false impressions, triggering Napue, due process protections, and Liljeberg's appearance-of-justice doctrine?

7. Whether the cumulative effect of (a) suppressed medical records, (b) a distorted timeline, (c) false anesthesia representations, and (d) ongoing Eighth Amendment danger constitutes structural error requiring vacatur under Murchison, Turner, and Liljeberg?


STATEMENT OF THE CASE


On January 10 and January 30, 2025, Granville Medical Center documented AKI, pyelonephritis, sepsis, dehydration, moderate proteinuria, and "no NSAID use prior to arrival." Granville faxed these records to FMC Butner.


Despite this, between February 3–5, 2025, federal medical staff administered repeated Toradol doses—each medically contraindicated during active renal injury. Duke Nephrology later confirmed renal deterioration caused by "significant dosing of Toradol," with creatinine peaking at 4.7.


Appellant moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The district court denied relief, assuming extraordinary circumstances yet concluding that § 3553(a) militated against release—without reviewing the

suppressed medical evidence.

Appellant filed:

• a Motion for Reconsideration;

• a supporting Memorandum;

• a Notice of Omitted Material Facts and Duty of Candor;

• a Motion for Release Pending Appeal.

These filings revealed government suppression, regulatory violations, and false anesthesia representations. The court denied all relief without addressing these defects.

Appellant timely appealed.

STATEMENT OF FACTS

1. Updated Medical Timeline

January 10, 2025 — Granville Medical Center

Provider: NP Elynelle Joy Moaje

Findings:

• Acute Kidney Injury

• Pyelonephritis

• Sepsis

• Moderate proteinuria

• GI-related dehydration

• "No recent NSAID use"

January 30, 2025 — Granville → Butner

Granville faxed all AKI records directly to FMC Butner.

.    .

February 3, 2025 — FMC Butner

Provider: Dr. V. Sainani

RN: Allishia Pender

Dose: 30 mg Toradol IV

Contraindicated due to known AKI.

February 4, 2025 — FPC Butner

Provider: Tiffany Purdie, FNP-C

Consulting MD: Dr. Stock

Dose: 30 mg Toradol IM

Note: Purdie documented consultation with Dr. Stock and instruction for "one more dose of Toradol."

February 5, 2025 — FPC Butner

Provider: RN Japheth Marucha

Dose: 30 mg Toradol IM at 16:30

February 5, 2025 — Duke ED

Provider: Duke ED Physician

Dose: Toradol x1

(This worsened already-injured kidneys.)

February 7, 2025 — Duke Nephrology

Provider: NP Moaje

Event: Acute renal failure confirmed; dialysis consent signed .

February 8, 2025 — Duke Nephrology (Causation)

Provider: Dr. Charles Ian Cooperberg

Finding:

"Significant dosing of Toradol" contributed to renal injury.

Creatinine: 4.7

February 9, 2025 — Duke Discharge

Creatinine: 3.6

Directive: No NSAIDs moving forward

March 15, 2025 — Duke ED

Dose: 15 mg Toradol IV at 00:34 (contraindicated)

March 29, 2025 — FPC Butner Camp

Provider: EMT Paul Chrestensen

Dose: Toradol at 19:07 EST

June 2, 2025 — FPC Butner

Provider: Tiffany Purdie, FNP-C

Event: Toradol offered (refused)

2. Ongoing Medical Danger

Appellant continues to suffer:

- severe flank pain

- groin pressure

- radiating genital pain

- symptoms of renal obstruction

- risk of infection or sepsis

- ongoing urinary dysfunction

This is classic post-AKI sequelae and constitutes ongoing Eighth Amendment danger.

## ARGUMENT

### I. The District Court's Orders Are Voidable Because They Rest on a Materially Misleading Record

Napue holds that due process is violated when the Government allows a court to act under a false impression.

Liljeberg mandates vacatur where the appearance of justice is compromised.

The district court ruled without seeing:

- the AKI evidence;

- the pre-Toradol kidney baseline;

- "no NSAIDs prior to arrival";

- specialist causation;

- ongoing renal danger;

- anesthesia-protocol violations;

- evidence of BOP medical malfeasance.

A judgment built on missing essential facts is structurally defective.

. .

## II. The United States Violated Its Duty of Candor

Under Shaffer Equipment and Model Rule 3.3, government attorneys must correct false impressions.

Instead, the United States:

• possessed the AKI records;

• withheld them;

• relied on their absence;

• induced the district court to rule without them.

This is classic Napue misconduct and invalidates the orders.

## III. The District Court Misapplied § 3553(a)

Once extraordinary and compelling reasons exist, constitutional danger must control.

See United States v. McCoy, 981 F.3d 271 (4th Cir. 2020);

United States v. High, 997 F.3d 181 (4th Cir. 2021);

United States v. Beck, 425 F. Supp. 3d 573 (M.D.N.C. 2019).

The district court inverted the constitutional hierarchy.

## IV. Continued Exposure to Known Medical Danger Violates the Eighth Amendment

Under Estelle, Farmer, and Helling, exposure to future medical harm is an Eighth Amendment violation.

Appellant remains under the care of the same medical abusers whose treatment caused his renal injury.

This is ongoing irreparable harm.

## V. The Anesthesia-Protocol Violations Independently Require Vacatur

42 C.F.R. § 482.52(b)(1) requires a full pre-anesthesia evaluation including:

- physical exam,
- labs,
- testing,
- informed consent,
- and evaluation within 48 hours of surgery.

BOP did none of this.

It created a false impression of compliance.

This triggers Napue, due process, and Liljeberg.

## VI. Structural Error Requires Remand With Instructions

Structural error exists when a court:
- rules on a misleading record;
- lacks essential facts;
- overlooks constitutional danger;
- and government misconduct is present.

See In re Murchison, 349 U.S. 133 (1955);

Turner v. Louisiana, 379 U.S. 466 (1965).

The only remedy that prevents further injury is remand with instructions to grant release.

CONCLUSION

Appellant respectfully requests that this Court:

1. Reverse the district court's denials;

2. Vacate all orders denying compassionate release;

3. Remand with instructions to grant compassionate release immediately;

4. Award any further relief necessary to protect Appellant's constitutional rights and health.

DECLARATION UNDER 28 U.S.C. § 1746

I, Pierre Rashad Preston, declare under penalty of perjury that the facts stated in this Informal Opening Brief are true and correct to the best of my knowledge, information, and belief.

Executed at FCI Butner Medium I, Butner, North Carolina, on this __21__ day of __November__, 2025.

_Pierre Rashad Preston_

CERTIFICATE OF SERVICE

I hereby certify that on this __21__ day of __November__, 2025, I placed a copy of the foregoing Informal Opening brief in the institutional mailing system at FCI Butner Medium I, properly addressed to:

Clerk of Court

United States Court of Appeals for the Fourth Circuit

1100 East Main Street, Suite 501

Richmond, VA 23219


Copies to:


S. Cagle Juhan

Office of the United States Attorney

255 West Main Street, Room 130

Charlottesville, VA 22902-0000

_____



f Court
tates Court of Appeals for the fourth
Circuit
st Main Street, Suite 501
, Va. 23219

Pierre Rashad Preston
4907 Parrish Branch Rd.
Midlothian, Va. 23112

RECEIVED
US. MARSHALS

Clerk
United
1100 E
Richmon