K5/12M

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-6935

UNITED STATES OF AMERICA,
  Plaintiff–Appellee,

**RECEIVED**

JAN 9 2026

U.S. Court of Appeals
Fourth Circuit

v.

PIERRE RASHAD PRESTON,
  Defendant–Appellant.

_Pierre Rashad Preston_

**NOTICE OF SUPPLEMENTAL AUTHORITY**
(Pursuant to Fed. R. App. P. 28(j))

Appellant respectfully submits this Notice of Supplemental
Authority to advise the Court of intervening Fourth Circuit
authority relevant to the issues presented in this appeal.

On November 20, 2025, the Court decided Swink v. Southern
Health Partners, Inc., No. 21-2183, ___ F.4th ___ (4th Cir.
2025). In Swink, the Court clarified and reaffirmed the
constitutional framework governing deliberate-indifference
claims under the Eighth Amendment, explaining that record-
anchored evidence of ongoing exposure to known and
substantial medical risk may satisfy the deliberate-indifference
inquiry where officials are aware of the danger yet continue the
challenged course of custody or care. The Court further
emphasized that repeated failures, delays, or medically
contraindicated treatment, and continued exposure to the same
dangerous medical conditions or providers, constitute an
ongoing constitutional injury rather than a completed past event.

This intervening authority is relevant to Appellant's appeal
because it bears directly on whether "extraordinary and
compelling reasons" exist under 18 U.S.C. § 3582(c)(1)(A)
where the record reflects continued confinement under the
supervision of the same officials alleged to have caused the
constitutional injury, and where the risk of serious medical harm

is ongoing rather than speculative. See Informal Br. Introduction; Issues Presented Nos. 3, 4, and 7; Argument IV; Conclusion.

The decision further situates the deliberate-indifference analysis within established Supreme Court precedent, including Estelle v. Gamble, Farmer v. Brennan, and Helling v. McKinney, which recognize that exposure to future medical harm may itself constitute an Eighth Amendment violation.

Appellant submits this Notice solely to inform the Court of this intervening authority and does not raise any new arguments.

Respectfully submitted,


*Pierre Rashad-Preston*

Pierre Rashad Preston
Appellant, pro se


Date: January 5th 2026

Pierre Rashad Preston
4907 Parrish Branch Rd.
Midlothian, Va. 23112

Cler
Unite
110
Rich



RECEIVED
U.S. MARSHALS

of Court
States Court of Appeals for the fourth Circuit
East Main Street, Suite 501
ond, Va. 23219