IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-6935

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

PIERRE RASHAD PRESTON,
Defendant-Appellant.

KS/RM

RECEIVED

APR 21 2026

U.S. Court of Appeals
Fourth Circuit

## EMERGENCY PROTECTIVE PETITION FOR PANEL REHEARING AND REHEARING EN BANC, WITH NOTICE OF FORTHCOMING SUPPLEMENT

Pierre Rashad Preston, proceeding pro se, respectfully petitions for panel rehearing and rehearing en banc under Federal Rule of Appellate Procedure 40.

This protective petition is submitted to preserve timeliness and Mr. Preston's right to seek rehearing. The Court's decision was entered on March 31, 2026. Mr. Preston did not actually receive notice of that decision through the Bureau of Prisons legal-mail process until April 9, 2026. Because he is incarcerated and wholly dependent upon institutional mailing procedures beyond his control, he is depositing this petition in the institution's legal-mail system on April 13, 2026, within the time permitted for inmate filing under Federal Rule of Appellate Procedure 25(a)(2)(A)(iii) and the prisoner mailbox rule recognized in Houston v. Lack, 487 U.S. 266 (1988).

Mr. Preston respectfully seeks both panel rehearing and rehearing en banc. This matter presents questions of exceptional importance, including the treatment of alleged ongoing constitutional and bodily-integrity harms in the post-judgment context, as well as the fairness implications created by delayed prison delivery of notice that materially compressed the already short rehearing period. Rule 40 permits a party to seek panel rehearing, rehearing en banc, or both in a single document.

As a protective matter, Mr. Preston states that the Court overlooked or misapprehended the practical prejudice caused by delayed actual notice to an incarcerated pro se litigant who had no control over when the Court's decision would reach him through prison legal mail. The compressed period between actual receipt and the filing deadline materially impaired his ability to prepare a fuller submission within the ordinary period. That prejudice bears directly on Rule 40's requirement that a rehearing petition state with particularity the matters overlooked or misapprehended and argue in support.

Mr. Preston therefore respectfully requests that the Court docket this filing as a timely petition for panel rehearing and rehearing en banc, and accept a forthcoming supplemental submission, to be dispatched immediately, as a supplement to this timely protective petition rather than as an untimely new filing.

Respectfully submitted,

Pierre Rashad Preston
Reg. No. 54173-509
Federal Prison Camp Butner
P.O. Box 1000
Butner, NC 27509

Date: April 13, 2026

## DECLARATION UNDER 28 U.S.C. § 1746

No. 25-6935

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

PIERRE RASHAD PRESTON,
Defendant-Appellant.

KS/TZM

RECEIVED

APR 2 1 2026

U.S. Court of Appeals
Fourth Circuit

## EMERGENCY PROTECTIVE PETITION FOR PANEL REHEARING AND REHEARING EN BANC, WITH NOTICE OF FORTHCOMING SUPPLEMENT

Pierre Rashad Preston, proceeding pro se, respectfully petitions for panel rehearing and rehearing en banc under Federal Rule of Appellate Procedure 40.

This protective petition is submitted to preserve timeliness and Mr. Preston's right to seek rehearing. The Court's decision was entered on March 31, 2026. Mr. Preston did not actually receive notice of that decision through the Bureau of Prisons legal-mail process until April 9, 2026. Because he is incarcerated and wholly dependent upon institutional mailing procedures beyond his control, he is depositing this petition in the institution's legal-mail system on April 13, 2026, within the time permitted for inmate filing under Federal Rule of Appellate Procedure 25(a)(2)(A)(iii) and the prisoner mailbox rule recognized in Houston v. Lack, 487 U.S. 266 (1988).

Mr. Preston respectfully seeks both panel rehearing and rehearing en banc. This matter presents questions of exceptional importance, including the treatment of alleged ongoing constitutional and bodily-integrity harms in the post-judgment context, as well as the fairness implications created by delayed prison delivery of notice that materially compressed the already short rehearing period. Rule 40 permits a party to seek panel rehearing, rehearing en banc, or both in a single document.

As a protective matter, Mr. Preston states that the Court overlooked or misapprehended the practical prejudice caused by delayed actual notice to an incarcerated pro se litigant who had no control over when the Court's decision would reach him through prison legal mail. The compressed period between actual receipt and the filing deadline materially impaired his ability to prepare a fuller submission within the ordinary period. That prejudice bears directly on Rule 40's requirement that a rehearing petition state with particularity the matters overlooked or misapprehended and argue in support.

Mr. Preston therefore respectfully requests that the Court docket this filing as a timely petition for panel rehearing and rehearing en banc, and accept a forthcoming supplemental submission, to be dispatched immediately, as a supplement to this timely protective petition rather than as an untimely new filing.

Respectfully submitted,

Pierre Rashad Preston
Reg. No. 54173-509
Federal Prison Camp Butner
P.O. Box 1000
Butner, NC 27509

Date: April 13, 2026

## DECLARATION UNDER 28 U.S.C. § 1746

TRULINCS 54173509 - PRESTON, PIERRE RASHAD - Unit: BUT-F-C

--------------------------------------------------------------------------------

I, Pierre Rashad Preston, declare under penalty of perjury that the following is true and correct:

1. I am the Defendant-Appellant in United States v. Preston, No. 25-6935.
2. I received notice of the Court's March 31, 2026 decision through the institution's legal-mail process on April 9, 2026.
3. On April 13, 2026, I deposited the attached Emergency Protective Petition for Panel Rehearing and Rehearing En Banc, with Notice of Forthcoming Supplement, in the institution's legal-mail system at Federal Prison Camp Butner.
4. First-class postage is being prepaid.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 13, 2026.

Pierre Rashad Preston
Reg. No. 54173-509

CERTIFICATE OF SERVICE

I certify that on April 13, 2026, I placed a true and correct copy of the foregoing in the institution's legal-mail system for mailing to:

S. Cagle Juhan
Assistant United States Attorney
Office of the United States Attorney
Charlottesville, Virginia

Counsel for Plaintiff-Appellee

Rare Peston                S4173509
Name:                      Number:
Federal Prison Camp
P.O. Box 1000
Butner, NC 27509

Legal Mail

RALE
Research Tria
14 APR 2

RECEIVED
U.S. MARSHALS

Clerk's Office
U.S. Court of Appeals
for the fourth circuit
1100 E. Main Street, Suite 501
Richmond, VA 23219

23219-351799

FEDERAL CORRECTIONAL INST. #1
P.O. BOX 1000
BUTNER, NORTH CAROLINA 27509

FEDERAL CORRECTIONAL INST. #1
P.O. BOX 1000
BUTNER, NORTH CAROLINA 27509

4-14-26

"SPECIAL/LEGAL MAIL"

The enclosed letter was **processed through special mailing procedures** for forwarding **to you. The letter has been** neither opened or inspected. **If the writer raises a question** or problem over which this facility **has jurisdiction, you** may wish to return the material for **further information** or clarification. If the writer enclosed **correspondence for** forwarding to another addressee, please **return the enclosed** to the above address.