

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
Plaintiff–Appellee,

V.

Case No. 25-6935

PIERRE RASHAD PRESTON,
(Pro se) Defendant–Appellant.

## SUPPLEMENT TO PETITION FOR REHEARING AND REHEARING EN BANC ISOLATING THE § 3553(a)(2)(D) ABUSE-OF-DISCRETION ISSUE

Pursuant to Federal Rules of Appellate Procedure 35 and 40, Appellant Pierre Rashad Preston respectfully submits this supplement to his pending Petition for Rehearing and Rehearing En Banc. This supplement isolates the statutory issue that lies at the center of this case: the district court's failure to meaningfully apply 18 U.S.C. § 3553(a)(2)(D), which required consideration of Mr. Preston's need for medical care "in the most effective manner."

Appellant is proceeding pro se from federal custody and has acted with all possible diligence under severe institutional limitations, including delayed access to legal materials, a seven-month delayed access to his own medical records, and recent events arising from the same custodial-medical environment at issue in this appeal. This supplement does not seek to enlarge the appeal or present an unrelated claim. It is submitted to clarify the exceptional-importance question already before the Court: whether, in a medical compassionate-release case, a district court may deny relief without meaningfully applying 18 U.S.C. § 3553(a)(2)(D)'s command that the sentence provide needed medical care "in the most effective manner."

This case is not a generalized disagreement with the district court's weighing of sentencing factors. It is a medical compassionate-release case in which the statutory medical-care factor was not peripheral; it was the core issue. Section 3553(a)(2)(D) required the district court to consider whether continued imprisonment under the same challenged custodial medical system could provide Mr. Preston's needed medical care in the most effective manner. The district court did not answer that question. The panel's conclusion that there was no abuse of discretion therefore warrants rehearing and rehearing en banc.

## I.     SECTION 3553(a)(2)(D) WAS THE STATUTORY LINCHPIN OF MR. PRESTON'S COMPASSIONATE-RELEASE MOTION

Section 3553(a)(2)(D) requires courts to consider the need for a sentence "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D). That language is mandatory. It is part of the same statutory sentencing structure that includes punishment, deterrence, protection of the public, and respect for law. It is not optional, subordinate, or ornamental. Congress expressly required courts to account for effective medical care when imposing or modifying a sentence.

That requirement was dispositively implicated here. Mr. Preston's motion was founded on medical harm, alleged inadequate BOP medical care, health care fraud, delayed specialist treatment, contraindicated medication, continuing pain, and ongoing medical risk. The district court acknowledged that Mr. Preston had suffered bilateral pyelonephritis and acute kidney injury; that outside medical records suggested his initial pyelonephritis may have been incompletely treated; that medical notes offered evidence that delayed or improper treatment may have contributed to further kidney injury or exacerbation; that BOP personnel administered Toradol despite kidney

injury and discharge instructions warning against heavy NSAID use; that outside-recommended urological testing was not promptly completed; and that Mr. Preston's pain, and condition(s), was not adequately treated and remains unabated to this day.

The court further recognized that allegations of grossly inadequate BOP medical care may support relief through the Federal Tort Claims Act, a Bivens action, state-law claims, or preliminary injunctive relief. It then assumed, without deciding, that Mr. Preston could establish extraordinary and compelling circumstances.

Those acknowledgments made § 3553(a)(2)(D) central. The district court was required to explain why continued imprisonment under the same challenged custodial medical system still provided Mr. Preston needed medical care in the most effective manner. It shockingly did not do so.

## II.      THE DISTRICT COURT'S ANALYSIS ASSIGNED CONTROLLING WEIGHT TO PUNISHMENT WHILE FAILING TO MEANINGFULLY APPLY CONGRESS'S MEDICAL-CARE COMMAND

The district court denied relief based on punishment, general deterrence, and sentencing disparity. Those factors are relevant in an ordinary § 3553(a) analysis. But they do not erase § 3553(a)(2)(D). They do not relieve a court of the obligation to address the factor Congress enacted specifically for needed medical care.

The error was not that the district court failed to cite § 3553(a)(2)(D) mechanically. The error was substantive. The court acknowledged facts showing serious medical injury, contraindicated medication, delayed outside-recommended testing, inadequate pain treatment, and possible constitutional or civil remedies, but never reconciled those findings with the statutory requirement that the sentence provide needed medical care in the most effective manner.

That omission matters because this case was medically centered from beginning to end. A district court need not discuss every statutory factor in every case with equal depth. But where one factor is the very basis for the motion and the relief requested, meaningful appellate review requires meaningful engagement. This Court's compassionate-release decisions recognize that district courts must provide an explanation sufficient to permit appellate review and demonstrate reasoned consideration of the parties' arguments. See United States v. High, 997 F.3d 181, 187–90 (4th Cir. 2021). The Fourth Circuit reviews compassionate-release decisions for abuse of discretion. See United States v. Kibble, 992 F.3d 326, 329–32 (4th Cir. 2021).

Here, meaningful review required an answer to the central statutory question: how can continued custody under the same medical system that caused and perpetuated Mr. Preston's injury be deemed the most effective manner of providing needed medical care?

The district court gave no answer.

## III.      THE PANEL'S NO-ABUSE RULING RISKS REDUCING § 3553(a)(2)(D) TO SURPLUSAGE IN MEDICAL COMPASSIONATE-RELEASE CASES

The panel's conclusion that there was no abuse of discretion cannot be reconciled with the statutory structure. If a district court may acknowledge serious medical injury, delayed or improper treatment, contraindicated medication, inadequate pain treatment, possible Bivens/FTCA/injunctive remedies, and assumed extraordinary and compelling circumstances, yet deny relief without explaining why continued custody provides medical care in the most effective manner, then § 3553(a)(2)(D) has no operative force in the very cases where Congress intended it to matter most.

That cannot be correct.

Section 3553(a)(2)(D) is not a decorative sentencing factor. It reflects Congress's judgment that a sentence must be evaluated not only for punishment and deterrence, but also for whether it provides needed medical care effectively. That command becomes especially important where the defendant alleges that the custodial medical system itself caused or worsened the injury. In that posture, the court cannot simply assume extraordinary and compelling circumstances and then deny relief on punishment grounds without confronting whether continued confinement remains medically effective.

A sentence cannot be "sufficient, but not greater than necessary" when the court acknowledges facts suggesting the custodial medical system is failing the defendant but does not evaluate whether that same custodial system can provide needed medical care in the most effective manner.

## IV.      FAILURE TO APPLY § 3553(a)(2)(D) AFTER TWICE RECOGNIZING BIVENS/INJUNCTIVE-REMEDY CONCERNS

The exceptional-importance question is not whether a district court retains discretion to deny compassionate release after weighing the § 3553(a) factors; it does. The question is whether that discretion permits a court to acknowledge, twice, that Mr. Preston's allegations may support Bivens-type constitutional relief or injunctive relief against the custodial medical system, yet deny medical compassionate release without meaningfully answering the statutory question Congress expressly made mandatory: whether continued custody provides Mr. Preston needed medical care "in the most effective manner." 18 U.S.C. § 3553(a)(2)(D). It does not. Section 3553(a) requires the court to impose a sentence "sufficient, but not greater than necessary," and § 3553(a)(2)(D) places medical care inside that command, not outside it. 18 U.S.C. § 3553(a). The Supreme Court has made clear that sentencing discretion is abused when a court fails to consider a relevant factor Congress required it to consider, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment in balancing proper factors. See Gall v. United States, 552 U.S. 38, 51 (2007); Koon v. United States, 518 U.S. 81, 100 (1996). The Fourth Circuit has likewise required compassionate-release courts to provide an explanation sufficient to permit meaningful appellate review and to address central, nonfrivolous arguments. See United States v. High, 997 F.3d 181, 187–91 (4th Cir. 2021); United States v. Jenkins, 22 F.4th 162, 170–72 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 395–97 (4th Cir. 2019); see also United States v. Friend, 2 F.4th 369, 381 (4th Cir. 2021) (sentencing courts may not rely exclusively on one sentencing consideration while ignoring others). Here, the district court's own orders created the dispositive statutory tension: if Mr. Preston's allegations were serious enough to be redirected toward constitutional and injunctive remedies, they were serious enough to require the court to explain why continued custody under the same challenged medical system nevertheless satisfied § 3553(a)(2)(D). A court cannot use Bivens or injunctive relief as an escape hatch from § 3553(a)(2)(D); nor may it acknowledge potentially unconstitutional custodial medical conduct while treating that same conduct as irrelevant to whether imprisonment remains medically effective. If left uncorrected, the panel decision risks creating a dangerous practical precedent throughout this Circuit: district courts could acknowledge grave medical-danger allegations, assume extraordinary and compelling circumstances, recognize possible constitutional remedies, and still deny release by emphasizing punishment, deterrence, and disparity while leaving unanswered the precise question Congress commanded them to answer—whether continued custody provides needed medical care in the most effective manner. That rule would reduce § 3553(a)(2)(D) to surplusage in the very cases where it matters most. En banc review is warranted to make clear that, in medical compassionate-release cases, punishment may be weighed, but medical care may not be erased.

## V.    DELAYED MEDICAL-RECORD ACCESS DURING ACTIVE COMPASSIONATE-
### RELEASE LITIGATION

The [seven-month] delayed production of Mr. Preston's medical records during active compassionate-release litigation confirms that the § 3553(a)(2)(D) error was not harmless; it was structurally consequential to the fairness and reliability of the medical-custody determination. Mr. Preston requested his medical records while his compassionate-release litigation was pending and before the district court's denial, yet institutional medical staff allegedly failed to provide meaningful access or production for more than six and one-half months, and only after the Fourth Circuit's initial denial did the institution immediately schedule him to review or obtain those records. That chronology is legally significant because federal law does not treat an inmate's access to his own medical records as a matter of grace. BOP regulations provide that, subject to limited exceptions, "[a]n inmate may review records from his or her medical file" by submitting a request to the staff member designated by the Warden. 28 C.F.R. § 513.42(a). If records are withheld under the regulation's limitations, the inmate must be advised in writing and given the address for a formal request for withheld records, and an accounting of medical records must be maintained. 28 C.F.R. § 513.42(c)–(d). BOP Program Statement 1351.05 incorporates that same inmate-access framework for medical records. Those rules matter here because Mr. Preston's medical records were not collateral paperwork; they were the very evidence necessary to prove the seriousness, continuity, causation, and inadequacy of the medical care underlying his compassionate-release request. Here, medical records, after nearly seven months of delay——precisely during the time of district court compassionate release litigation——were finally acknowledged by Mr. Thomas of FCC Butner Medical Records, the exact day after Mr. Preston was denied by this Appellate Court. When the same institution accused of medical misconduct retains practical control over the medical proof needed to establish that misconduct, delays access for approximately seven months during litigation, and then acts only after appellate denial, the timing raises a serious inference of prejudice and institutional control over access to the courts. See Bounds v. Smith, 430 U.S. 817, 821–28 (1977); Lewis v. Casey, 518 U.S. 343, 350–53 (1996); Hudspeth v. Figgins, 584 F.2d 1345, 1347–48 (4th Cir. 1978). This concern is compounded where, during the same litigation period, Mr. Preston's legal mail was allegedly opened, read, or scanned, because federal regulations permit properly marked special mail from counsel to be opened only in the inmate's presence for inspection and qualification, and not read or copied. 28 C.F.R. § 540.18(a); see also BOP Program Statement 5265.14. The combined effect is not merely administrative delay. It is that Mr. Preston

was forced to litigate medical danger while the institution whose medical care he challenged controlled both the medical evidence and protected legal communications necessary to prove the danger. In that posture, the district court could not lawfully presume continued custody was medically effective without explaining how § 3553(a)(2)(D) was satisfied. The delayed medical-record production therefore supports rehearing because it shows the medical-custody problem was not frozen in the past; it continued into the litigation itself, making the court's failure to analyze medical care "in the most effective manner" a material abuse of discretion rather than a harmless omission.

**Chief Judge Dillon had actual notice of constitutionally serious medical-abuse allegations because her own order recognized that Mr. Preston's allegations implicated a <u>Bivens</u>-type constitutional claim. Having recognized the constitutional nature of the harm, the court was required to meaningfully address § 3553(a)(2)(D), which concerns "needed … medical care … in the most effective manner." The failure to do so was not a mere omission. It was a knowing refusal to apply the statutory factor most directly tied to the live constitutional injury before the court. That makes the denial an abuse of discretion, a failure of reasoned decision-making, and a decision that perpetuates a continuing constitutional harm**

## VI.      THIS CASE PRESENTS A QUESTION OF EXCEPTIONAL IMPORTANCE

The question presented is narrow, recurring, and exceptionally important:

Whether a district court abuses its discretion when, in a medical compassionate-release case, it assumes extraordinary and compelling circumstances and acknowledges serious medical-danger facts to the level of constitutional violation warranting a <u>Bivens</u> action, but denies relief under § 3553(a) without meaningfully applying § 3553(a)(2)(D)'s command to provide needed medical care in the most effective manner.

That question warrants en banc review. Medical compassionate-release cases frequently involve prisoners who allege inadequate BOP care, delayed diagnosis, untreated pain, specialist-referral failures, or worsening conditions. If § 3553(a)(2)(D) requires only silence or implied rejection, then prisoners raising medical compassionate-release claims are left without meaningful statutory protection even where the district court acknowledges the medical-danger record.

This Court should make clear that § 3553(a)(2)(D) has force. Where medical care is the central issue, the district court must explain why continued custody provides needed medical care in the most effective manner, especially where the alleged source of medical harm is the custodial medical system itself.

## VII.      RELIEF REQUESTED

For these reasons, and those stated in Mr. Preston's pending Petition for Rehearing and Rehearing En Banc, this Court should grant rehearing and rehearing en banc, vacate the panel's decision, and remand for reconsideration under the correct statutory framework, with specific instruction that the district court meaningfully apply 18 U.S.C. § 3553(a)(2)(D). Or, more appropriately, since it did not, find that the lower district court in fact abused its discretion by failing to properly address § 3553(a)(2)(D). And, in the process promptly and properly protect Mr. Preston by removing him from the presence of his abusers, the culpable bad actors of FCC/FPC Butner, and the institutional-setting of the Bureau of Prisons as a whole by immediate release to either direct home confinement or time served due to the documented and egregious constitutional violations left unabated by the lower district court, the United States Attorney's office, and Bureau of Prisons given each had a duty to protect the constitution and Mr. Preston's due process right to it. Since no one to date has protected this suffering man nor the Constitution, we respectfully request this Honorable Fourth Circuit Court of Appeals do what these persons and parties were required by law to do but decidedly and conscious-shockingly did not.

## VIII.      DECLARATION UNDER 28 U.S.C. § 1746

I, Pierre Rashad Preston, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief. I am a pro se litigant, my pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. See <u>Erickson v. Pardus</u>, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L.Ed.2d 1081 (2007).

Executed and attested on April 28, 2026, by:

Pierre Rashad Preston
Reg. No. 54173-509
Federal Prison Camp (FPC) Butner
P.O. Box 1000
Butner, NC 27509

*The remainder of this page has been left blank intentionally.*

Page **2** of **2**

KS|RM
RECEIVED
MAY - 5 2026
U.S. Court of Appeals
Fourth Circuit

## CERTIFICATE OF SERVICE
### Case No. 25-6935

The undersigned, PIERRE RASHAD PRESTON, certifies his "SUPPLEMENT TO PETITION FOR REHEARING AND REHEARING EN BANC ISOLATING THE § 3553(a)(2)(D) ABUSE-OF-DISCRETION ISSUE (pursuant to Fed. R. App. P. 35 and 40)" was on this **28th day of April, 2026**, sent to the Clerk of Court United States Court of Appeals for the Fourth Circuit at the addresses listed below by U.S.P.S. Mail (in properly addressed envelope with U.S.P.S. postage duly paid), physically handing this package to a Bureau of Prisons (BOP) correctional officer–thereby invoking the Prison Mailbox Rule as being timey served as of this date, to:

**Clerk of Court**
**United States Court of Appeals for the Fourth Circuit**
**1100 East Main Street,**
**Suite 501**
**Richmond, VA 23219**

### DECLARATION

I declare the foregoing details to be true and correct to the best of my understanding having personal knowledge of the particulars and events presented herein under the penalty of perjury. 28 U.S.C. § 1746. Respectfully submitted without malice for the relief requested on this **28th day of April, 2026**, by:

*Pierre Rashad Preston*

Pierre Rashad Preston
Reg. No. 54173-509
Federal Prison Camp (FPC) Butner
P.O. Box 1000
Butner, NC 27509

TRULINCS 54173509 - PRESTON, PIERRE RASHAD - Unit: BUT-F-C

---------------------------------------------------------------------------------

FROM: 54173509
TO: BUT/MedicalRecords
SUBJECT: ***Request to Staff*** PRESTON, PIERRE, Reg# 54173509, BUT-F-C
DATE: 04/23/2026 10:05:54 AM

To: Thomas, Medical Records
Inmate Work Assignment: Orderly - Hatteras East

could you please explain how when i made the inital request for my medical records complete from january 1st to until current which would have been september 24,2025 when i clearly stated i need all labs all health encounters all specialists reports all instances where medication was provided oral or injection etc.. literally all medical records and you responded six and half months later to this request only to respond and i was given my medical records thirteen days later and yet i still wasnt given all of what i asked,you sent me papers saying what you had already given me but that is not what i had requested and if it would have cost me like i was told prior then that should have been stated but wasnt so help me understand how it took so long for anyone to give me my medical records?
-----BUT/MedicalRecords on 4/10/2026 3:42 PM wrote:

>
Your request will be reviewed and processed in the order received. Look for your name on the (Med Rec) call-out.

_____

From: ~^! PRESTON, ~^!PIERRE RASHAD <54173509@inmatemessage.com>
Sent: Wednesday, September 24, 2025 10:50 AM
Subject: ***Request to Staff*** PRESTON, PIERRE, Reg# 54173509, BUT-F-C

To: Thomas, Medical Records
Inmate Work Assignment: Orderly - Hatteras East

Mr. Thomas,
I pray you are well sir. Would you be so kind to please provide me my medical records (complete) from January 1st (2025) until current. I need all labs, all health encounters, all specialists reports, all instances where medication was provided )oral or injection), etc. Literally ALL medical records. I have been patiently waiting for you to deliver these and I would be grateful if you would make special accommodation for these records. Thank you for your immediate attention to this fair and necessary request.

Respectfully requested,

Pierre Rashad Preston
4907 Parrish Branch Rd.
Midlothian, Va. 23112

Clerk
United State
1100
Richmo





HARRIET POWERS HARRIET POWERS HARRIET POWERS

RECEIVED
U.S. MARSHALS

of Court
Court of Appeals for the Fourth Circuit
East Main Street,
Suite 501
d, Va. 23219