### IN UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

PIERRE RASHAD PRESTON,
Defendant-Appellant (Indigent, Pro se)

Case No. 25-6935
Related District Court Case:
No. 4:21-cr-00015-EKD-1

### MOTION TO STAY ISSUANCE OF THE MANDATE PENDING FILING
### AND DISPOSITION OF PETITION FOR WRIT OF CERTIORARI

Appellant Pierre Rashad Preston (Mr. Preston), proceeding indigent and pro se from federal custody, respectfully moves this Court to stay issuance of the mandate pending the filing and disposition of a petition for writ of certiorari in the Supreme Court of the United States.

This motion is brought under Federal Rule of Appellate Procedure 41(d)(2)(A) and Fourth Circuit Local Rule 41. A motion to stay issuance of the mandate pending a petition for writ of certiorari must show that the forthcoming petition will present a substantial question and that good cause exists for a stay. Fed. R. App. P. 41(d)(2)(A). Fourth Circuit Local Rule 41 further provides that a stay of mandate is not granted simply upon request and ordinarily should be denied unless the movant makes a specific showing that the motion is not frivolous or filed merely for delay.

This motion satisfies that standard. It is not frivolous. It is not filed for delay. It is necessary to preserve Supreme Court review of a substantial federal question concerning the force of 18 U.S.C. § 3553(a)(2)(D) in medical compassionate-release cases.

### I.    INTRODUCTION

This case presents a substantial and recurring federal question: whether a district court may deny medical compassionate release after acknowledging serious medical-danger allegations, recognizing possible Bivens-type, FTCA, state-law, and injunctive remedies, and assuming extraordinary and compelling circumstances, yet failing to meaningfully explain how continued custody under the same challenged custodial-medical system provides needed medical care "in the most effective manner." 18 U.S.C. § 3553(a)(2)(D).

That question is not abstract. Mr. Preston remains housed in the same institutional medical environment that caused, perpetuated, and obscured serious medical harm. His sentence, as presently executed, has become unjust in operation: continued custody is no longer merely the punishment imposed by judgment, but the mechanism through which unresolved medical injury, inadequate specialist access, continuing pain, institutional control over medical proof, and impaired litigation access continue.

This motion does not ask this Court to rehear the merits. It asks the Court to preserve Supreme Court review. A stay of the mandate is warranted because the forthcoming certiorari petition will present a substantial federal question; because good cause exists; because this motion is not frivolous or filed for delay; and because irreparable harm will continue if the mandate issues while Mr. Preston remains subjected to the same custodial-medical environment whose adequacy is the subject of the forthcoming petition.

The Constitution does not tolerate a sentence that becomes the vehicle of ongoing serious medical injury. Congress did not enact § 3553(a)(2)(D) as a hollow phrase. Where a federal prisoner's motion turns on medical danger, and where the district court recognizes allegations serious enough to point toward constitutional and injunctive remedies, the court must explain why continued custody still provides needed medical care in the most effective manner—especially given the egregious nature of the grossly deliberate indifferent, abusive, tortious, health care fraud infected, occurrences on record. That explanation never occurred.

## II.    PROCEDURAL POSTURE

The district court denied Mr. Preston's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), despite recognizing serious medical allegations and despite directing Mr. Preston toward possible Bivens-type, FTCA, state-law, or injunctive remedies. This Court affirmed. Mr. Preston timely sought panel rehearing and rehearing en banc. On April 28, 2026, this Court denied rehearing and rehearing en banc and stated that no judge requested a poll under Federal Rule of Appellate Procedure 40.

Mr. Preston now intends to file a timely petition for writ of certiorari in the Supreme Court of the United States. Under Supreme Court Rule 13, because Mr. Preston timely sought rehearing and rehearing was denied on April 28, 2026, the petition for writ of certiorari is due within ninety days of that denial, on or before July 27, 2026.

This motion seeks only to preserve the status of the case and prevent issuance of the mandate while that petition is prepared, filed, and considered.

## III.    THE FORTHCOMING CERTIORARI PETITION WILL PRESENT A SUBSTANTIAL QUESTION

The forthcoming petition will present a substantial question: whether § 3553(a)(2)(D) has meaningful force in medical compassionate-release cases, or whether a district court may effectively bypass that statutory command by relying on punishment, deterrence, and disparity without explaining how continued custody provides needed medical care "in the most effective manner."

Section 3553(a)(2)(D) requires courts to consider the need for a sentence "to provide the defendant with needed . . . medical care . . . in the most effective manner." 18 U.S.C. § 3553(a)(2)(D). That provision is not ornamental. It sits within the same statutory framework requiring a sentence to be "sufficient, but not greater than necessary." 18 U.S.C. § 3553(a). Where medical care is the heart of a compassionate-release motion, § 3553(a)(2)(D) is not peripheral. It is the statutory safeguard Congress enacted to ensure that imprisonment does not become medically ineffective, destructive, or unjust in execution. All three are present here.

The Supreme Court has held that sentencing courts commit significant procedural error when they fail to consider the § 3553(a) factors or fail to adequately explain the sentence imposed. Gall v. United States, 552 U.S. 38, 51 (2007). Gall applies here because Mr. Preston's claim is not that the district court merely weighed the factors differently than he preferred. The claim is that the court failed to meaningfully apply the factor Congress enacted for the precise medical-care question before it. A clear and obvious abuse of discretion.

Koon v. United States, 518 U.S. 81, 100 (1996), confirms that abuse of discretion includes legal error. That principle applies because a court cannot exercise lawful discretion by omitting meaningful analysis of the statutory factor that controls the central issue presented. The error was not the absence of a phrase. The error was the absence of reasoned decision-making on whether continued custody under the challenged custodial-medical system was medically effective.

The Fourth Circuit's compassionate-release cases reinforce the substantiality of the question. In United States v. High, 997 F.3d 181, 187–91 (4th Cir. 2021), this Court held that compassionate-release rulings must contain enough explanation to permit meaningful appellate review and to show that the district court considered the defendant's arguments. High applies because Mr. Preston's medical-care argument was not secondary; it was the foundation of the motion and was abundantly supported with evidence deemed authenticated under the Federal Rules of Evidence.

United States v. Kibble, 992 F.3d 326, 329–32 (4th Cir. 2021), confirms that compassionate-release decisions are reviewed for abuse of discretion. That standard is deferential, but not empty. Deference does not authorize a court to overlook a mandatory statutory factor where that factor is the core of the claim.

United States v. Jenkins, 22 F.4th 162, 170–72 (4th Cir. 2021), likewise requires an explanation sufficient to permit appellate review. Jenkins matters because the district court's explanation did not answer the question the statute required: whether continued imprisonment in the same challenged custodial-medical environment provided needed medical care in the most effective manner. Here, it is not only Mr. Preston who physical and mental injuries worsen with each passing day, but the allowance of renewed irreparable constitutional harm is utterly reprehensible.

United States v. Martin, 916 F.3d 389, 395–97 (4th Cir. 2019), held that a sentencing court must address substantial mitigation arguments and provide an individualized explanation. That rule

applies with special force where the defendant's argument is not merely mitigation, but an express statutory command concerning medical care.

The forthcoming petition will therefore ask the Supreme Court to resolve an issue of exceptional importance: whether courts may affirm medical compassionate-release denials where the district court acknowledges serious medical-danger allegations and potential constitutional harm and remedies but fails to meaningfully apply § 3553(a)(2)(D). If that omission is permitted, then § 3553(a)(2)(D) becomes surplusage in the very medical cases where Congress intended it to matter most. The federal statute, as federal law, and the United States Constitution are positioned to be used to protect. To willfully ignore both establishes that neither have been properly recognized, applied, or used to guard——especially given the unique requirement to do so that is not discretional by duty or oath.

## IV.     GOOD CAUSE EXISTS TO STAY THE MANDATE

Good cause exists because issuance of the mandate would allow the judgment to become final while Mr. Preston remains exposed to the same custodial-medical environment whose adequacy is the subject of Supreme Court review.

This case is not a mere disagreement over sentencing weight. Mr. Preston's compassionate-release motion alleged serious medical harm, contraindicated medication, delayed specialist care, continuing pain, unresolved renal and urological injury, and continuing institutional exposure ——each of which remain unabated. The district court recognized that the allegations implicate Bivens-type, FTCA, state-law, or injunctive remedies. That recognition matters. If the allegations were serious enough to point Mr. Preston toward constitutional or injunctive relief, then the court had to explain why continued custody under the same challenged system nevertheless satisfied § 3553(a)(2)(D). A court cannot use Bivens or injunctive remedies as an escape hatch from Congress's medical-care command.

Good cause is further supported by the medical-record chronology that meets a concerning closer-connection test of intentional. Mr. Preston requested complete medical records on September 24, 2025, during active compassionate-release litigation and before the relevant denials. Institutional medical records did not meaningfully respond for approximately seven months. When the same institution accused of medical misconduct retains practical control over the medical evidence necessary to prove that misconduct, delays access during litigation, and remains responsible for the prisoner's ongoing care, continued custody cannot be presumed medically effective without analysis.

That chronology is legally consequential. BOP regulations provide that, subject to limited exceptions, an inmate may review records from his medical file by submitting a request to the staff member designated by the Warden. 28 C.F.R. § 513.42(a). If records are withheld under the regulation's limitations, the inmate must be advised in writing and provided the address for a formal request, and an accounting must be maintained. 28 C.F.R. § 513.42(c)–(d). Those rules matter because medical records were not collateral paperwork. They were proof necessary to litigate the adequacy of medical care. There was an averred intentional delay precisely during the duration of litigation until the very day before denial from the Fourth Circuit Court of Appeals.

The concern is compounded by legal-mail interference. Federal regulations provide that properly marked special mail may be opened only in the inmate's presence for inspection and qualification and may not be read or copied. 28 C.F.R. § 540.18(a). BOP Program Statement 5265.14 implements that special-mail framework. Where medical-record access and legal-mail protections are both implicated during active medical compassionate-release litigation, the issue is not administrative inconvenience. It is whether the prisoner had a fair opportunity to obtain judicial review of the same medical danger the institution continued to control.

The Supreme Court has long recognized that prisoners must have meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 821–28 (1977), held that prison authorities must provide prisoners with meaningful access to courts. Bounds applies because a medical compassionate-release motion cannot be meaningfully litigated if the prisoner lacks timely access to the medical proof necessary to establish the inadequacy of care.

Lewis v. Casey, 518 U.S. 343, 350–53 (1996), clarified that the access-to-courts right requires actual injury, meaning interference with a nonfrivolous legal claim. Lewis applies because delayed access to medical records during a medical compassionate-release case directly affected Mr. Preston's ability to litigate the adequacy of care in a live, nonfrivolous proceeding.

The Fourth Circuit has recognized that interference with legal mail can implicate constitutional rights. Hudspeth v. Figgins, 584 F.2d 1345, 1347–48 (4th Cir. 1978), recognized the seriousness of prison officials' interference with attorney-client communications. Hudspeth applies because

protected legal access and access to medical proof were both implicated during litigation over medical custody.

The Eighth Amendment prohibits deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104–05 (1976), held that deliberate indifference to serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain. Estelle applies because the medical allegations here are not mere disagreement with treatment; they involve serious unresolved medical conditions, alleged contraindicated medication, delayed specialist care, continuing pain, health care fraud, and more.

Farmer v. Brennan, 511 U.S. 825, 832–47 (1994), held that prison officials violate the Eighth Amendment when they know of and disregard an excessive risk to inmate health or safety. Farmer applies because the continued custody question cannot be separated from whether officials and courts had notice of serious medical risk and nonetheless left Mr. Preston in the same challenged custodial-medical environment within the presence of his abusers.

Helling v. McKinney, 509 U.S. 25, 33–35 (1993), recognized that the Eighth Amendment protects prisoners against future health risks and does not require courts to wait until harm is fully realized. Helling applies because Mr. Preston's claim concerns ongoing exposure to a medical environment alleged to present continuing danger, not merely a past injury.

The due-process concern is equally grave. Mathews v. Eldridge, 424 U.S. 319, 335 (1976), requires courts to consider the private interest affected, the risk of erroneous deprivation, the value of additional safeguards, and the government's interest. Mathews applies because a medically centered liberty motion decided without meaningful access to medical proof and without meaningful application of § 3553(a)(2)(D) creates an unacceptable risk of erroneous deprivation.

In short, good cause exists because the forthcoming petition will challenge the legal permissibility of continuing to execute a sentence without meaningful application of § 3553(a)(2)(D), while Mr. Preston remains in the same environment——around the same bad actors——evidenced to have produced ongoing medical and constitutional harm.

## V.   THE MOTION IS NOT FRIVOLOUS AND IS NOT FILED MERELY FOR DELAY

Fourth Circuit Local Rule 41 makes clear that a motion to stay the mandate should not be granted simply upon request and ordinarily should be denied unless there is a specific showing that it is not frivolous or filed merely for delay. This motion satisfies that standard.

The motion is not frivolous because it rests on the text of § 3553(a)(2)(D), the Supreme Court's abuse-of-discretion framework, this Court's compassionate-release explanation requirement, federal access-to-courts principles, Eighth Amendment medical-care principles, BOP medical-record regulations, BOP legal-mail regulations, and a concrete medical-custody record. The forthcoming certiorari petition will not ask the Supreme Court to reweigh ordinary sentencing facts. It will ask whether a court may affirm denial of medical compassionate release where the district court failed to meaningfully apply the statutory factor specifically governing medical care.

Nor is this motion filed for delay. A stay of the mandate would not release Mr. Preston. It would preserve the status of the case while Supreme Court review is pursued. Mr. Preston seeks a stay because he remains in continuing pain and in the same custodial-medical environment whose adequacy is the subject of the forthcoming petition. The purpose of the stay is preservation of review, not delay for delay's sake.

## VI.      THE STAY FACTORS FAVOR PRESERVING SUPREME COURT REVIEW

The traditional stay factors support relief. In Nken v. Holder, 556 U.S. 418, 434 (2009), the Supreme Court identified the relevant factors as likelihood of success, irreparable injury, substantial injury to other parties, and the public interest. Nken further emphasized that a stay is an exercise of judicial discretion dependent on the circumstances of the particular case. Nken applies because a stay of mandate preserves meaningful review and prevents irreparable harm while a higher court considers whether the judgment below should stand.

First, the certiorari petition will present a substantial question. This case asks whether § 3553(a)(2)(D) can be effectively erased from medical compassionate-release litigation. That is a federal statutory question with recurring importance.

Second, irreparable harm is present. Mr. Preston remains in continuing pain and in the same custodial-medical system alleged to have caused and perpetuated serious injury. Medical harm,

bodily injury, untreated pain, loss of meaningful access to medical proof, and continuing exposure to an allegedly constitutionally deficient custodial environment cannot be fully remedied after the fact.

Third, a stay will not substantially injure the United States. A stay of the mandate does not itself release Mr. Preston. It preserves appellate finality while Supreme Court review is pursued. The government has no legitimate interest in finality that outweighs preserving review of a substantial statutory question involving ongoing medical harm.

Fourth, the public interest favors a stay. The public has an interest in lawful sentences, constitutionally adequate prison medical care, meaningful judicial review, faithful application of congressional commands, and prison administration that complies with federal law. The public has no interest in a rule that allows courts to acknowledge serious medical danger while failing to address whether custody provides medical care in the most effective manner.

## VII.      REQUESTED DURATION OF STAY

Mr. Preston respectfully requests that the mandate be stayed for ninety days to permit the preparation and filing of a petition for writ of certiorari. Because this Court denied rehearing on April 28, 2026, Supreme Court Rule 13 permits Mr. Preston ninety days from that denial to file the petition, making the petition due on or before July 27, 2026. If Mr. Preston files the petition within the period of the stay and promptly notifies the Clerk of this Court, the stay should continue until the Supreme Court's final disposition of the petition, consistent with Federal Rule of Appellate Procedure 41(d)(2)(B).

In the alternative, if this Court declines to stay the mandate through Supreme Court disposition, Mr. Preston requests a short administrative stay sufficient to permit him to seek emergency relief from the Honorable John G. Roberts, Jr., Chief Justice of the United States and Circuit Justice for the Fourth Circuit, under Supreme Court Rules 22 and 23.

## VIII.      RELIEF REQUESTED

For these reasons, Mr. Preston respectfully requests that this Court stay issuance of the mandate for ninety days pending the filing of a petition for writ of certiorari and, if the petition is timely filed and notice is provided to this Court, continue the stay until final disposition by the Supreme Court of the United States.

In the alternative, Mr. Preston respectfully requests that this Court stay issuance of the mandate for a sufficient period to permit him to file an emergency application with the Honorable John G. Roberts, Jr., Chief Justice of the United States and Circuit Justice for the Fourth Circuit, under Supreme Court Rules 22 and 23. Supreme Court Rule 23 permits a party to seek a stay from an individual Justice, but ordinarily requires the applicant first to seek relief below and explain why relief is unavailable from the lower court.

## IX.      DECLARATION UNDER 28 U.S.C. § 1746

I, Pierre Rashad Preston, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief. I am a pro se litigant, my pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L.Ed.2d 1081 (2007).

Executed and attested on April 28, 2026, by:

*Pierre Rashad Preston*

Pierre Rashad Preston (Indigent, Pro Se)
Reg. No. 54173-509
Federal Prison Camp (FPC) Butner
P.O. Box 1000
Butner, NC 27509

*The remainder of this page has been left blank intentionally.*

## CERTIFICATE OF SERVICE
### Case No. 25-6935 (Related District Court Case No. 4:21-cr-00015-EKD-1)

The undersigned, PIERRE RASHAD PRESTON, certifies his "MOTION TO STAY ISSUANCE OF THE MANDATE PENDING FILING AND DISPOSITION OF PETITION FOR WRIT OF CERTIORARI (pursuant to Fed. R. App. P. 41(d)(2)(A) and Fourth Circuit Local Rule 41)" was on this 4ᵗʰ day of May, 2026, sent to the Clerk of Court United States Court of Appeals for the Fourth Circuit at the addresses listed below by U.S.P.S. Mail (in properly addressed envelope with U.S.P.S. postage duly paid), physically handing this package to a Bureau of Prisons (BOP) correctional officer–thereby invoking the Prison Mailbox Rule as being timey served as of this date, to:

**Clerk of Court
United States Court of Appeals for the Fourth Circuit
1100 East Main Street,
Suite 501
Richmond, VA 23219**

### DECLARATION

I declare the foregoing details to be true and correct to the best of my understanding having personal knowledge of the particulars and events presented herein under the penalty of perjury. 28 U.S.C. § 1746. Respectfully submitted without malice for the relief requested on this 4ᵗʰ day of May, 2026, by:

*Pierre Rashad Preston*

Pierre Rashad Preston          (Indigent, Pro Se)
Reg. No. 54173-509
Federal Prison Camp (FPC) Butner
P.O. Box 1000
Butner, NC 27509

Pierre Rashad Preston
4907 Parrish Branch Rd.
Midlothian, Va. 23112

Clerk of C
United States Cou
1100
Suit
Richmond, V

  

RECEIVED
U.S. MARSHALS

...ourt

...t of Appeals for the fourth Circuit

... East Main Street,

... 501

... 23219